BEFORE THE SECOND DIVISION, MAY 8, 1941

**No. 45811.**—Protests 927042–G, etc., of Davison-Paxon Co. (Savannah).

TILSON, Judge: The plaintiff filed the two suits listed above seeking to recover certain sums of money alleged to have been illegally exacted as customs duties on imported gloves. Duty was levied on the gloves at 90 percent under paragraph 1529 (a) of the act of 1930 as gloves in part or entirely of lace. The plaintiff claims the same to be properly dutiable at only 60, 50, or 25 percent under paragraph 915, at 45 percent under paragraph 917, or at 37½ percent ad valorem under paragraph 919 of the said act.

At the trial of the case samples of the gloves were admitted in evidence and properly marked, and also an illustrative exhibit, which the plaintiff contends is a glove wholly or in part of lace. In addition counsel for the plaintiff offered the testimony of three witnesses for the purpose of showing that these gloves are not lace gloves or gloves in any part of lace. There were also admitted in evidence the interrogatories of witness Marion Powys.

The three witnesses who testified for the plaintiff stated that the gloves were not in any part of lace, but this testimony must be considered in the light of their limited qualifications. On the other hand, witness Powys stated that the gloves were lace gloves. Witness Powys, in giving her definition of lace in its commercial sense as distinguished from crochet work, filet work, and knit work, stated:

Lace is a delicate, openwork fabric made with fine thread, sometimes decorated and sometimes plain, for ornament rather than utility; crochet work, when it is made closely with wool or heavy thread, is made for utility, whereas the crocheted lace is made for ornament; filet lace is made for ornament, whereas commercial, practical filet knotted nets are made for fish nets and for tennis nets, etc; and with regard to knit work, knitted lace is openwork made with very fine thread for ornament, whereas the commercial knit work is closely made with heavy thread or wool, for utility.

If witness Powys is trying to give it as her opinion that filet lace is filet lace only when used for ornament, and that if that same filet lace is used for utility such as fish nets or tennis nets it is no longer filet lace, we are in complete disagreement with such an opinion. Filet lace is filet lace whether used for ornament or for utility.

In the case of *Littwitz* v. *United States*, C. D. 217, this court had occasion to make the following observation with reference to the testimony of witness Powys:

Q. Is it, or is it not, in your opinion, embroidery?—A. I think the stitches are called in many books, embroideries. They are buttonhole stitched over the heavy relief, in order to finish the lace.

Q. You still haven't answered my question. In your opinion, is it or is it not, embroidery?—A. In my opinion, embroidery as such is something on a finished fabric. In this case, it is on lace, and lace being made with a thread in the air, is not a fabric.

Q. Based upon that, would you say it was embroidery?—A. I would say that it a stitch that is often called an embroidery stitch—the buttonholed stitch over the cordonnet which is finished, the flat Venice completing the work.

Q. Miss Powys, please listen carefully. Will you please look at exhibit 1 and state, in your opinion as an expert, whether or not there is any embroidery on those exhibits?—A. I would say it is an in the air stitch, but that is also sometimes used in embroidery.

This same witness definitely and positively denied that lace was a fabric of any kind, but finally admitted that if a cordonnet or heavy thread were bound to a woven fabric with closely formed buttonhole stitches, such as appear on exhibit 1, the resulting work would be embroidery. * * *

* * * In view of the numerous decisions holding lace to be embroidered, and the fact that embroidery is the application by needle and thread of ornamental forms, figures, or designs upon an otherwise completed fabric, we do not take seriously the contention or opinion of Miss Powys that lace is not a fabric.

We thus have witness Powys in one case positively denying that lace is a *fabric* of any kind and in another case declaring that "Lace is a delicate, open-work *fabric* * * *."

Witness Powys testified that the gloves represented by style Nos. 3038, 3041, and 3081 were filet lace gloves. Although from an examination of the samples of the gloves represented by the style numbers set out above we are not convinced that the gloves are in fact lace gloves of any kind, all the evidence must be considered together, and we are unwilling to hold that the sample alone is sufficient to overcome the testimony of witness Powys and the presumption of correctness attaching to the action of the collector.

Upon the record presented we hold that the plaintiff has failed to show that either the collector's classification was wrong, or that any of the claims made by it are correct. All of the claims are therefore overruled. Judgment will be rendered accordingly.